López, Demandante y Apelada, *v.* Porto Rico Railway, Light & Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre daños y perjuicios (moción sobre desestimación del recurso).

No. 2981.—Resuelto en abril 3, 1923.

Desestimación de Apelación—Negligencia del Apelante en la Tramitación del Recurso.—El Tribunal Supremo no ejercitará la discreción que le concede la regla 59 de su reglamento a los efectos de desestimar una apelación, por el mero hecho del transcurso de noventa días. Deberá demostrarse además que el apelante ha sido de tal modo negligente que su negligencia justifique que se le castigue con la pérdida del recurso por él establecido.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *J. H. Brown* y *C. Ruiz.*

Abogado de la apelada: Sr. *M. Benítez Flores.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

La parte apelada presentó el 15 de febrero último una moción solicitando la desestimación del recurso establecido en este caso porque habiéndose archivado el escrito de apelación el 15 de junio de 1922 aun no se había radicado la transcripción de los autos. La parte apelante se opuso presentando dos certificaciones y una declaración jurada de las

cuales resulta: que en efecto el escrito de apelación se archivó el 15 de junio de 1922; que aun antes de esa fecha el abogado de la parte apelante solicitó del taquígrafo de la corte las notas de la evidencia y el taquígrafo no pudo entregárselas hasta el 12 de septiembre de 1922; que la apelante fué solicitando y obteniendo prórrogas de la corte para radicar su exposición del caso y pliego de excepciones a los efectos de la apelación interpuesta; que vigente la última prórroga, la apelante, el 4 de octubre de 1922, presentó la exposición del caso y pliego de excepciones en la secretaría del tribunal sentenciador; que dicho tribunal entró en vacaciones el primero de noviembre de 1922 y renovó su trabajo el 2 de enero de 1923; que el 15 de febrero último la apelante pidió a la corte de distrito que no habiéndose señalado, a pesar de lo dispuesto en el párrafo 4 del artículo 299 del Código de Enjuiciamiento Civil, día para la vista y aprobación de la exposición presentada, hiciera dicho señalamiento, y que la corte de distrito en efecto había señalado el 23 de febrero último para dicha vista y aprobación.

La moción de la apelada se llamó para la vista el 12 de marzo último. El acto fué suspendido y transferido para el 19 de marzo en que tuvo lugar. El mismo día 19 de marzo quedó archivada la transcripción de los autos.

Invoca la apelada la regla 59 de las de este tribunal en apoyo de su moción. Dicha regla dice:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el Tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

Aceptando que no obstante las leyes posteriores decretadas por la Legislatura sobre la materia, dicha regla esté

en todo su vigor y por tanto que esta corte, no obstante las prórrogas concedidas por la inferior, pueda desestimar el recurso, no estamos en el caso de ejercitar nuestra discreción en el sentido que pretende la apelada, porque los hechos no demuestran una negligencia tal que justifique la desestimación del recurso.

De acuerdo con la ley, es la misma corte la que debe hacer el señalamiento, y si bien el apelante, que es el llamado a gestionar su apelación, debe ser activo, no se ha demostrado aquí que su falta de gestión durante la última quincena de octubre y durante el mes de enero de 1923, sea bastante para concluir que fué tan negligente que su falta de negligencia pueda y deba castigarse con la pérdida de su apelación.

En tal virtud debe declararse sin lugar la moción de la apelada.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.