MANUEL FERNÁNDEZ NÁTER, demandante y apelado, *v.* ARTURO APONTE, demandado y apelante.

No. 3835.—*Visto:* Enero 25, 1926.  *Resuelto:* Febrero 10, 1926.

APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA EN LA TRAMITACIÓN DEL RECURSO.—Cuando un apelante deja de actuar en su apelación por más de ciento sesenta (160) días y no présenta excusa válida alguna para su falta de actuación por lo menos en un período de más de cien (100), procede desestimar, a moción del apelado,. el recurso interpuesto.

MOCIÓN sobre desestimación de apelación presentada por el apelado. *Desestimada la apelación.*

*Horacio Franceschi* y *Enrique Igaravídez,*.abogados del apelante; *Luis Muñoz Morales,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso basándose en el abandono de la parte apelante.

En la moción, fechada el 5 de enero actual y notificada a la parte contraria el propio día, se alega que se dictó sentencia el 3 de marzo de 1925, que se apeló de ella el 1 de abril siguiente, que se solicitó del taquígrafo la transcripción de la evidencia, quedando radicada en la secretaría el 7 de agosto último, y que desde esa fecha nada más hizo el apelante en gestión de su recurso. Lo alegado en la moción se comprueba con una certificación expedida por el secretario de la corte sentenciadora.

La parte apelante se opuso alegando que la corte de distrito permaneció en vacaciones durante los meses de agosto y septiembre de 1925; que en septiembre fué reorganizada siendo nombrados dos de sus jueces y el tercero en octubre; que durante los meses de octubre, noviembre y diciembre la corte trabajó sin previa reglamentación interna hasta que el 26 de diciembre se reunió el Consejo Judicial creado por la ley reorganizadora y aprobó su reglamento; que el once de enero el apelante notificó al apelado que la corte había señalado el 18 del propio mes para la aprobación de la transcripción, que el 18 el apelado no compareció y no habiéndose propuesto enmiendas la corte ordenó que el caso pasara al señor Rodríguez Serra que había sido el juez que intervino en el pleito y que al dicho apelante no le ha sido dable comunicarse aún con el Sr. Rodríguez Serra por encontrarse éste en estos días ausente de su bufete. El apelante invoca en su apoyo la decisión de esta corte en el caso de *López* v. *P. R. Ry., Light & Power Co.,* 31 D.P.R. 693.

La jurisprudencia establecida en el caso invocado es como sigue:

"El Tribunal Supremo no ejercitará la discreción que le concede la regla 59 de su reglamento a los efectos de desestimar una apelación, por el mero hecho del transcurso de noventa días. Deberá demostrarse además que el apelante ha sido de tal modo negligente que su negligencia justifique que se le castigue con la pérdida del recurso por él establecido."

Aplicando esa jurisprudencia creemos que debe desestimarse la apelación. Sólo estaba quizá justificado el apelante para dejar de actuar durante los meses de agosto y septiembre en que permaneció en vacaciones la corte de distrito. Para su falta de actuación durante los meses de octubre, noviembre y diciembre, y durante la primera decena de enero, esto es, por un período de más de cien días, no presenta excusa válida alguna. La ley y la jurisprudencia de esta propia corte claramente establecen que es el juez que intervino en el juicio el llamado a aprobar la exposición del caso, de suerte que ninguna influencia tienen los cambios operados en la corte de distrito a que se refiere el apelante.

En el caso de *López, supra,* cuando se celebró la vista de la moción ya la transcripción estaba archivada en la secretaría de esta corte. La falta de gestión no fué además tan manifiesta ni durante un período tan largo como aquí. La exposición se presentó el 4 de octubre de 1922, la corte entró en vacaciones en noviembre y no renovó su trabajo hasta el 2 de enero de 1923. El 15 de febrero siguiente la parte apelante solicitó el señalamiento. Hubo sin duda negligencia por parte del apelante, pero no en tal grado que la corte creyera que se estaba en el caso de desestimar el recurso aplicando la sección 59 de su Reglamento.

*Por virtud de todo lo expuesto debe declararse con lugar la moción* del apelado y desestimarse el recurso.